# EXHIBIT A

8/15/2019 5:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36013482
By: Nelson Cuero
Filed: 8/15/2019 5:49 PM

CAUSE NO. _____

| | | |
|---|---|---|
| 3015 BAGBY, L.L.C., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CERTAIN UNDERWRITERS AT | § | HARRIS COUNTY, TEXAS |
| LLOYD'S OF LONDON SUBSCRIBING | § | |
| TO POLICY NO. CLU51459; GULF | § | |
| COAST ADJUSTMENT SERVICE OF | § | |
| HOUSTON, INC. D/B/A GULF COAST | § | |
| CLAIMS SERVICES, MICHAEL SKYE, | § | _____TH JUDICIAL DISTRICT |
| JOHNNY MICHALEK | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

### SUMMARY

1.     This lawsuit seeks money damages, declaratory judgment, and other relief for Defendants' tortious and illegal conduct. Plaintiff is a policyholder who filed an insurance claim for damages to its property. Defendants are a national insurance company, its third-party claims administrator, and their individual adjusters who investigated Plaintiff's insurance claim.

2.     Defendants knowingly and unreasonably delayed payment of Plaintiff's insurance claim and made various misrepresentations about Plaintiff's Policy's coverage. As a proximate result of Defendants' acts, Plaintiff incurred additional unnecessary expenses, nearly lost its rights to litigate under the Policy, and suffered other damages further detailed herein.

3.     The policy of these Defendants has been to automatically and summarily draw out claims despite their merits in the hopes that its policyholders would simply give up, reaping even more profits for Defendants. Allowing the Defendants to continue in this way violates Texas common law, Texas statute, and the fundamental public policy underpinning insurance law itself.

4.     For these reasons, and as set forth more specifically herein, Plaintiff brings suit

against Defendants.

## DISCOVERY LEVEL

5.      Plaintiff elects Level 2 discovery, governed by Texas Rule of Civil Procedure 190.3.

## PARTIES

6.      3015 Bagby, L.L.C. ("Bagby") is a Texas limited liability company whose principal place of business is located at 3015 Bagby Street, Houston, TX 77006.

7.      Defendant Certain Underwriters at Lloyd's of London Subscribing to Policy No. CLU51459 ("Underwriters") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas. It may be served with process via the Texas Secretary of State, which will then forward the lawsuit papers to Underwriters' agent for service of process, Mendes & Mount L.L.P., at that agent's address at 750 7th Avenue, New York, NY 10019.

8.      Defendant Gulf Coast Adjustment Service of Houston, Inc. d/b/a Gulf Coast Claims Services ("Gulf Coast") is a domestic corporation whose principal place of business is located at 11505 Chimney Rock Road, Houston TX, 77035.

9.      Defendant Michael Skye ("Skye") is an individual who resides in Harris County, Texas. He may be served with process at 1042 Western Meadow Drive, Katy, Texas 77450, or wherever he or any other person authorized to accept service on his behalf may be found.

10.     Defendant Johnny Michalek ("Michalek") is an individual who resides in Fort Bend County, Texas. He may be served with process at 602 Lakeview Drive, Sugar Land, Texas 77498, or wherever he or any other person authorized to accept service on his behalf may be found.

## AGENCY, RESPONDEAT SUPERIOR, AND CONCERT OF ACTION

11.     Whenever this petition alleges that any Defendant or its agents committed any act, omission or thing, it is meant that each Defendant or its agents, adjusters, claims managers, section managers, officers, servants, employees, or representatives committed such act, omission or thing.

12. Such acts, omissions or things were done with the full authorization or ratification of these Defendants, or done in the normal course and scope of agency of each of its agents, adjusters, claims managers, section managers, officers, servants, employees or representatives.

13. These Defendants acted in concert and civil conspiracy with one another, both individually and collectively, and are therefore legally responsible and liable for its own acts and omissions as well as those of one another.

## CONDITIONS PRECEDENT

14. All conditions precedent to Plaintiff's right to recover and to Defendants' liability have occurred and/or have been performed.

## NOTICE UNDER TEXAS INSURANCE CODE §542A.003

15. Although notice has been issued and received by Defendants pursuant to Texas Insurance Code §542A.003, Plaintiff is not required to further await any response. *See* TEX. INS. CODE § 542A.003(d). Defendants have not yet responded and may unlawfully delay their response in order to later claim a limitations defense.

16. Accordingly, this claim should not be dismissed or abated in any way.

## JURISDICTION AND VENUE

17. Jurisdiction is proper in this Court because the amount of damages sought is within the jurisdictional limits of this Court.

18. Venue is proper in Harris County because all of the acts complained of and/or all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. §15.002.

## FACTUAL BACKGROUND

19.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

20.     On August 27, 2017, Plaintiff's property at 3015 Bagby Street, Houston, TX 77006 (the "Property") was seriously damaged when its sprinkler system unexpectedly discharged. This discharge of water flooded the 1st and 2nd floors of the Property's, destroying soundproofing, drywall, and flooring. As a result, the café and bar operating in Plaintiff's Property had to suspend operations.

21.     Plaintiff held an insurance policy (the "Policy") covering the Property with Defendant Underwriters. The Policy excluded damage resulting from windstorm from coverage. Plaintiff promptly filed an insurance claim (the "Claim"), seeking reimbursement under the Policy.

22.     Defendant Underwriters assigned the Claim to Defendant Gulf Coast for handling. Gulf Coast sent an adjuster to inspect the Property. Gulf Coast's adjuster found that no wind damage or roof openings had occurred to the Property. Under the mistaken belief that Plaintiff sought recovery for wind losses from Hurricane Harvey, Defendants refused to pay Plaintiff's Claim.

23.     Plaintiff promptly amended its cause of loss to clarify that it sought recovery for sprinkler discharge unrelated to Hurricane Harvey. In response and on behalf of Underwriters, Gulf Coast, through Defendant Johnny Michalek, issued a reservation of rights on October 3, 2017; this reservation stated Defendants' position that the Property's damages might have been caused by Hurricane Harvey. As Gulf Coast and Michalek had recently found that the Property had no openings caused by Hurricane Harvey, Defendants' position was self-contradictory. No other grounds for denial were expressed in Defendants' reservation of rights.

24.     However, after issuing their reservation of rights, Defendants abandoned their investigation of the Claim; over a year passed without further activity by Defendants. During this time, Plaintiff continued to suffer damage from Defendants' failure to pay its Claim. Plaintiff was forced to close its business and lease the Property at a large discount due to the Property's damage.

25.     While Defendants neglected their responsibilities to investigate the Claim, Plaintiff diligently investigated the cause of the Property's damage. On February 7, 2019, Plaintiff's own inspectors found evidence that the Property's damage was caused by sprinkler eruption: notably, that the Property's water damage was concentrated below the sprinklers on the ceiling. Plaintiff provided this information – and photographs evidencing this damage – to Gulf Coast.

26.     On March 22, 2019, Plaintiff also provided Defendants with a sworn affidavit containing information that it possessed about causation. Plaintiff provided this information at its own expense, relying on Defendants' statements that Plaintiff's cooperation "would facilitate our efforts" to resolve the Claim. Yet Defendants continued – and continue – to stall resolution of Plaintiff's Claim. On July 22, 2019, Gulf Coast and Defendant Michael Skye – on behalf of Underwriters – once again refused payment of the Claim without denying the Claim. Defendants' cursory refusal of the Claim consisted of three statements – that their adjuster "found no covered peril damage," that their subsequent investigation "was not provided [requested] details," and that "no covered damage exists." This conclusory refusal never cited the Policy, never recounted the facts observed by Gulf Coast at the Property, and never even explained what dispute existed. To add insult to injury, Defendants, through Skye, again invited Plaintiff to provide additional information for their consideration – even though Defendants ignored Plaintiff's prior evidence.

27.     Moreover, Defendants misrepresented not only the Policy, but the very law governing insurance policies. In refusing to pay the Claim, Defendants blamed Plaintiff for "the absence of any evidence to support the amended sprinkler leakage claim." However, Plaintiff gave Defendants evidence – its estimate and photos – showing "that a covered injury or loss was incurred at a time covered by the policy and incurred by a person whose injuries are covered by the policy." *See Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 400 (Tex. 2016).

28.     Moreover, the only dispute that Defendants ever expressed or investigated was whether Plaintiff's damages fell within the Policy's exclusion for windstorm damage. However, "[i]f the insured proves coverage, then to avoid liability *the insurer* must prove the loss is within an exclusion." *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (emphasis added). By misrepresenting their dispute with Plaintiff as an issue of coverage rather than exclusion, Defendants hoped to shift *their* obligations to investigate the Claim onto Plaintiff, and thereby escape liability for their inadequate investigative practices.

29.     After two years of haphazard 'investigation' and delay, Defendants have still neither denied the Claim nor provided a genuine explanation for their inability to pay that Claim. Seizing on the unfortunate timing of Plaintiff's loss, Gulf Coast and Underwriters directed their limited investigation to 'proving' Plaintiff's loss resulted from Hurricane Harvey. When that tactic failed, Defendants sought to delay resolution of Plaintiff's Claim beyond the statute of limitations, refusing to provide any Policy-based justification for their inaction. Defendants' willful blindness to both their legal obligations and the evidence *they* requested conclusively demonstrates Defendants had no reasonable basis to avoid paying the Claim. Defendants' wrongful acts violated their own Policy, the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and constituted multiple other torts – including breach of contract, negligent misrepresentation, and common-law fraud.

30.     For these reasons, and as set forth more specifically herein, Plaintiff brings suit against the Defendants.

## CAUSES OF ACTION

### UNFAIR SETTLEMENT PRACTICES -
### VIOLATIONS OF THE TEXAS INSURANCE CODE

31.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32.     Defendants misrepresented material facts and Policy provisions relating to the

Plaintiff's coverage at issue. TEX. INS. CODE §541.060(a)(1); TEX. INS. CODE §542.003(b)(1) (as to Underwriters only). On behalf of Underwriters, Gulf Coast, Skye, and Michalek claimed that Plaintiff had failed to provide evidence of covered damage – even though the existence of damage originally covered under the Policy was not in dispute.

33.     Defendants failed to attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claim, to which liability had become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. INS. CODE §542.003(b)(4) (as to Underwriters only). Defendants did not attempt to settle Plaintiff's Claim even after Plaintiff thoroughly investigated it for them; they were clearly liable, knew they were liable, and chose to ignore their liability anyway.

34.     Defendants Underwriters and Gulf Coast failed to promptly provide Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their refusal to pay Plaintiff's claim. TEX. INS. CODE §541.060(a)(3). Gulf Coast's explanation (through Skye and Michalek) on behalf of Underwriters was not "reasonable." Indeed, that explanation stated no basis in the Policy or the material facts of Plaintiff's loss to deny Plaintiff's Claim.

35.     Defendants failed within a reasonable time to affirm or deny coverage of the claim. TEX. INS. CODE §541.060(a)(4)(A). Nearly two years after the Claim was filed, Defendants have *still* neither affirmed nor denied coverage of the Claim.

36.     Defendants refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE §541.060(a)(7). Gulf Coast, on behalf of Underwriters, refused to pay the Claim. Gulf Coast also failed to conduct a reasonable investigation into that claim, which Underwriters failed to supplement even though its flaws were readily apparent.

37.     Defendants made a material misstatement of law. TEX. INS. CODE §541.061(4). Defendants implied that Texas law requires Plaintiff to show that Policy exceptions do not apply,

when Texas law requires Defendants to prove those exceptions do apply.

38.     Defendant Underwriters failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under its policies. TEX. INS. CODE §542.003(b)(2). Underwriters, through Gulf Coast, took three weeks to respond to Plaintiff's request for interview questions, and never addressed Plaintiff's submitted evidence even after five and a half months.

39.     Defendant Underwriters failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies. TEX. INS. CODE §542.003(b)(3). Underwriters let Plaintiff's Claim languish for a year and a half with no progress towards resolution.

40.     All Defendants knowingly committed the aforementioned acts, with actual knowledge of the falsity, unfairness or deception of their acts and practices. TEX. INS. CODE §541.002(1). Defendants' willful blindness to the evidence and non-explanation of their delay – among numerous other indicia – shows Defendants knew and ignored the wrongness of their acts.

## FAILURE TO MAKE PROMPT PAYMENT OF CLAIM – VIOLATIONS OF THE TEXAS INSURANCE CODE

41.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42.     Defendant Underwriters failed to timely: (1) acknowledge receipt of Plaintiff's claim; (2) commence its investigation of Plaintiff's claim; and (3) request from Plaintiff all items, statements, and forms that it reasonably believed, at that time, would be required from Plaintiff. TEX. INS. CODE §542.055(a). Underwriters claimed that Plaintiff's failure to provide evidence justified its denial without ever suggesting what information it needed or why that information was necessary.

43.     Defendant Underwriters failed to timely notify the Plaintiff of the purported reasons that it needed any additional time to investigate the Claim. TEX. INS. CODE §542.056(d). Underwriters never requested additional time to investigate the Claim in its two-year investigation.

44.     Defendant Underwriters has delayed payment of Plaintiff's claim for more than 60

days after receiving all items, statements, and other forms that it reasonably required to investigate the Claim. TEX. INS. CODE §542.058(a). Underwriters has now delayed payment for nearly two years, and has taken no further action indicating more information might be "reasonably required."

## STATUTORY INTEREST –
## VIOLATIONS OF THE TEXAS INSURANCE CODE

45.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff seeks penalties in the amount of 18% statutory interest on the total value of the Claim, as well as reasonable attorney's fees, for Underwriters' violations of Texas Insurance Code Subchapter B, pursuant to Texas Insurance Code §542.060. TEX. INS. CODE §542.060.

## BREACH OF CONTRACT

47.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

48.     Plaintiff entered into a contract with Defendant Underwriters – the Policy – wherein Underwriters would provide insurance in exchange for Plaintiff's premium payments.

49.     By its bad-faith refusal to seriously consider Plaintiff's Claim and deliberate, baseless refusal to resolve that Claim, Defendant Underwriters breached its contract with Plaintiff.

50.     As a result of Defendant Underwriters' breach of contract, Plaintiff suffered damages, and seeks recovery of all such damages herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

52.     Defendant Underwriters had a duty to deal fairly and in good faith with the Plaintiff in processing the Claim.

53.     Defendant Underwriters directly breached its duty to Plaintiff by wrongfully denying insurance benefits to Plaintiff, as well as by its aforementioned mishandling of Plaintiff's Claim.

54.     Defendant Underwriters further breached its duty to Plaintiff through Defendants

Gulf Coast permitting its agents to misrepresent the material facts applicable to the Claim, delay resolution of the Claim, and perform threadbare and inaccurate investigations of that Claim.

55.     Defendant Underwriters knew that it had no reasonable basis to deny or delay payment of Plaintiff's Policy-prescribed benefits, as its utter failure to explain its refusal of those benefits shows.

56.     As a result of Defendant Underwriters' breach of its legal duties to Plaintiff, Plaintiff suffered damages and seeks recovery of same herein.

<u>**AGENCY LIABILITY**</u>

57.     Defendant Gulf Coast and its personnel were Underwriters' agents in handling Plaintiff's Claim.

58.     Defendant Gulf Coast and its personnel committed torts against Plaintiff, including common-law fraud, negligent misrepresentation, and civil conspiracy.

59.     Defendant Gulf Coast had actual and apparent authority from State Auto to reject Plaintiff's claim.

60.     The torts of Defendant Gulf Coast and its personnel were committed in furtherance of State Auto's business of resolving insurance claims under its insurance policies.

61.     The torts of Defendant Gulf Coast and its personnel were committed to accomplish the object of their employment – to reduce Underwriters' payments on its insurance policies.

62.     The torts of Defendant Gulf Coast and its personnel proximately caused Plaintiff's pled damages.

63.     As such, Underwriters is vicariously liable to Plaintiff for the torts of Defendant Gulf Coast and its personnel. Plaintiff seeks recovery from Underwriters for those torts herein.

<u>**PUNITIVE DAMAGES FOR BAD FAITH**</u>

64.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

65.     Defendants acted fraudulently and with malice in their respective actions to refuse payment of the Claim and to deliberately ignore evidence which might compel payment of the Claim. Further, Defendants had actual, subjective awareness of the risk involved in unjustly denying the Claim, but nevertheless proceeded with conscious indifference to the Plaintiff's rights.

66.     For these actions, Plaintiff is entitled to awards of punitive damages against all Defendants.

## NEGLIGENT MISREPRESENTATION

67.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

68.     Defendants made various representations to the Plaintiff in the course of handling the Claim, as well as other transactions in which those Defendants had pecuniary interests. These representations included, but were not limited to, the existence of covered damage under the Policy.

69.     Defendants supplied false information for the guidance of others – namely, by incorrectly informing Plaintiff that Plaintiff's covered damage did not exist.

70.     Defendants failed to exercise reasonable care or competence in obtaining or communicating the information they each supplied to Plaintiff. Defendants conducted a single inspection into the causation of windstorm damage to the Property, and concluded from this that *no* covered damage of any type existed under the Policy.

71.     Plaintiff justifiably relied upon Defendants' representations. Plaintiff relied on the opinions and training of Defendants' adjusters – including but not limited to Skye and Michalek – in determining whether Plaintiff's loss fell within the Policy's terms.

72.     Defendants' negligent misrepresentations proximately caused injury to Plaintiff. Because Defendants wrongly found that Plaintiff's damages were not covered, Plaintiff had to close its business and re-lease the Property at a substantial discount to raise repair funds. Had Defendants correctly found Plaintiff's loss to be covered damage, Plaintiff could have repaired the Property.

73.     For this reason, Plaintiff brings suit to recover any and all damages herein.

## COMMON LAW FRAUD

74.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

75.     Defendants made material misrepresentations which were false, known to be false when made, and upon which Defendants intended Plaintiff to rely. These representations included, but were not limited to, Defendants' intent to keep investigating the Claim when they planned to abandon it, and Defendants' alleged openness to Plaintiff's information when they entirely disregarded it.

76.     Plaintiff relied upon Defendants' misrepresentations. Plaintiff continued participating in Defendants' Claim-handling process, wrongly believing Defendants would at least consider Plaintiff's information in making their decision.

77.     Defendants' fraudulent misrepresentations proximately caused injury to Plaintiff. Defendants' delay and misrepresentation cost the Plaintiff a year and a half of delay, forced Plaintiff – at its own expense – to conduct its own inspection of the Property, and nearly prevented the Plaintiff from litigating this case.

78.     For this reason, Plaintiff brings suit to recover any and all damages herein.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

79.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

80.     Plaintiff is a "consumer" under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") because it purchased services from Defendant Underwriters (the Policy) and Defendant Gulf Coast (the investigation of the Claim). TEX. BUS. & COMM. CODE ANN. § 17.41.

81.     Defendants used false, misleading and deceptive acts or practices as specifically enumerated under the DTPA, which Plaintiff relied upon to its detriment, including the following:

82.     Defendants represented that their services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. *Id.* §17.46(b)(5). Defendants represented that Gulf Coast's investigation of the Claim had examined the scope of *all* damage on the Property, when Gulf Coast and its personnel had only checked for the presence of windstorm-caused damage. Defendants also misrepresented the obligations of the Policy, as previously described.

83.     Defendants knowingly advertised their services with the intent not to sell them as advertised. *Id.* §17.46(b)(9). Defendants claimed they would investigate the Property's damages, when they exclusively examined causation for the purpose of denying the Claim.

84.     Defendants represented that an agreement – the Policy – conferred rights, remedies and obligations which it does not have or involve. *Id.* §17.46(b)(12). Plaintiff had no obligation to conduct Defendants' investigation for them or to disprove every potentially applicable Policy exclusion.

85.     Defendants failed to disclose information to Plaintiff concerning their services that they knew at the time of the transactions, and they intended such failure to disclose to induce Plaintiff into transactions it would not have entered into had that information been disclosed. *Id.* §17.46(b)(23). Defendants failed to disclose the cursory nature of Gulf Coast's claim investigation practices to Plaintiff, Plaintiff would not have bought Underwriters' Policy, and would have insisted on a different third-party claim administrator, if this information had been disclosed beforehand.

86.     Defendants performed unconscionable acts and took an unconscionable course of action against Plaintiff, which to Plaintiff's detriment, took advantage of its lack of knowledge, ability, experience or capacity to a grossly unfair degree. *Id.* §17.50(a)(3). Defendants' refusal to perform the most basic investigation of the Claim unfairly leveraged their superior bargaining position, knowledge of claim-handling practices, and access to expert examination of the Property

against Plaintiff.

87.     The foregoing violations of the DTPA by Defendants were committed either negligently or knowingly and were producing causes of all damages to Plaintiff as described herein.

88.     For this reason, Plaintiff brings suit and seeks to recover any and all damages herein.

## CIVIL CONSPIRACY

89.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

90.     Defendants, individually and collectively, engaged in a civil conspiracy to damage Plaintiff.

91.     Defendants, individually and collectively, had a meeting of the minds to both: (1) accomplish an unlawful purpose; and (2) accomplish a lawful purpose by unlawful means.

92.     Defendants, individually and collectively, sought to violate Texas law by depriving the Plaintiff of its contractual rights under the Policy.

93.     In contesting Plaintiff's insurance claim, Defendants individually and collectively: (1) violated the Texas Insurance Code and the DTPA; (2) breached Underwriters' duties of good faith and fair dealing to the Plaintiff; (3) breached Underwriters' contract – the Policy – with the Plaintiff; and (4) committed common law fraud.

94.     Defendants, individually and collectively, damaged the Plaintiff by, *inter alia*, violating the Texas Insurance Code, violating the Texas Deceptive Trade Practices-Consumer Protection Act, breaching Underwriters' duty of good faith and fair dealing to the Plaintiff, breaching Underwriters' Policy with the Plaintiff, and committing common law fraud against the Plaintiff.

95.     Defendants, individually and collectively, committed numerous unlawful, overt acts as part of their civil conspiracy, including their fraudulent, bad faith 'investigation' of the Claim.

96.     For this reason, Plaintiff brings suit and seek to recover any and all damages herein.

## DECLARATORY JUDGMENT

97.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

98.     Plaintiff herein seeks a declaratory judgment on the Policy declaring that Defendants are liable for the claims submitted by the Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001, 37.004 (West 2019).

99.     Plaintiff herein further seeks declaratory judgments on the status of Defendants Gulf Coast and its personnel (including Skye and Michalek) regarding their agency and actions on behalf of Defendant Underwriters. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001, 37.004 (West 2019). Plaintiff seeks judgments declaring that Gulf Coast and its personnel acted in the course and scope of their employment with, and as agents of, Defendant Underwriters for all times relevant to this action.

100.     For this reason, Plaintiff seeks declaratory judgments from this Court.

## DAMAGES AND NON-MONETARY RELIEF

101.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

102.     Plaintiff pleads that the damages it seeks are within the jurisdictional limits of this Court. TEX. R. CIV. P. 47(b).

103.     Plaintiff further pleads that it seeks monetary relief of more than $100,000, but not more than $200,000. TEX. R. CIV. P. 47(c). Accordingly, this matter is not subject to Rule 169 of the Texas Rules of Civil Procedure.

104.     However, the amount of monetary relief actually awarded will ultimately be determined by a jury.

## EXEMPLARY DAMAGES

105.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

106.     Defendants' acts and/or omissions caused economic damages to Plaintiff. In committing such acts and/or omissions, Defendants acted with malice. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 41.003 (West 2019); TEX. INS. CODE ANN. § 541.002(1) (West 2019). There is clear and convincing evidence of such malice.

107.    Defendants also committed common law fraud, and other violations and breaches of duty against Plaintiff, rising to the level of malice. There is likewise clear and convincing evidence that the Defendants' acts and/or omissions constitute such common law fraud, and other violations and breaches of duty.

108.    Plaintiff therefore seeks and is fully entitled to awards of exemplary damages against all Defendants.

## ATTORNEY'S FEES

109.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

110.    Pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, TEX. INS. CODE §542.060, TEX. BUS. & COMM. CODE § 17.50(d), and all other laws providing for recovery of costs and fees, Plaintiff is entitled to and respectfully seeks to recover all costs, expenses, and reasonable attorney's fees allowed under law.

## JURY DEMAND

111.    Plaintiff demands a trial by jury and has paid the appropriate fee to the clerk of the Court.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that, upon final trial and hearing hereof:

a.      Judgment be entered against Defendants to recover actual economic damages;

b.      Judgment be entered against Defendants for appropriate exemplary damages;

c.      Judgment be entered against Defendants for attorney's fees, costs and expenses incurred by Plaintiff through all appeals;

d.      Pre-judgment and post-judgment interest be awarded to Plaintiff at the maximum rate permitted by law;

e.      Costs of suit be awarded to Plaintiff; and

f.      Any and all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MURR YANOCHIK, P.L.L.C.**

*/s/ George B. Murr*

George B. Murr
murr@my-lawyers.com
Texas Bar No. 00794348
Thomas Ryan Lemens
lemens@my-lawyers.com
Texas Bar No. 24109463
4101 Washington Avenue
Houston, Texas 77007
Telephone: 713-966-6141
Fax: 713-588-2412

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION